of this court in Eakes v. United States, 391 F.2d 287 (1968) and Prince v. United States, 230 F.2d 568 (5th Cir. 1956), rev. on other grounds, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957).

Benjamin Jerrel **BROWN**, Appellant,

v.

The **STATE OF CALIFORNIA** et al., Thomas C. Lynch, Attorney General of the State of California, John M. Dean, Deputy District Attorney of the City and County of San Francisco, Joseph Akzam and Warren T. Jenkins, Senior and Deputy Probation Officers of the Adult Probation Department of the City and County of San Francisco, John Doe Hall and John Doe, Police Officers of the City and County of San Francisco, Joseph P. Kennedy, Deputy Public Defender of the San Francisco Public Defender Office, Each John Doe Member of the Adult Authority of the California Department of Correction of the State of California, Walter China, Parole Officer of the Adult Department of Parole, Department of Correction of the State of California, Terry Francois and J. Tony Serra, attorneys at law of the California Bar Association, State of California, Appellees.

No. 25950.

United States Court of Appeals, Ninth Circuit.

Feb. 9, 1971.

Benjamin Jerrel Brown, in pro per.

Evelle J. Younger, Atty. Gen. of Cal., John T. Murphy, Sanford Svetcov, Deputy Attys. Gen., Thomas M. O'Connor, City Atty., Raymond D. Williamson, Jr., Deputy City Atty., San Francisco, Cal., for appellee.

Before HAMLEY, DUNIWAY and KILKENNY, Circuit Judges.

PER CURIAM:

The district court did not err in dismissing this civil rights action. The complaint did not state a claim against any of the defendants and, under the circumstances, could not have been amended to do so.

Affirmed.

Sam **BIALAC** et al., Plaintiffs and Appellants,

v.

**HARSH BUILDING CO.**, etc. et al., Appellees.

No. 26133.

United States Court of Appeals, Ninth Circuit.

Feb. 11, 1971.

Richard A. Hillhouse, of Lewis & Roca, Flynn, Treon, Kimerer & Thinnes, Phoenix, Ariz., for appellees.

Before CHAMBERS, MURRAH and HUFSTEDLER, Circuit Judges.

PER CURIAM:

The partial summary judgment is reversed. California law seems applicable. We believe that we have a situation where extrinsic evidence was admissible to determine what the intention of the parties was in their written papers. (Pacific Gas & Elec. Co. v. G. W. Thomas Drayage and Rigging Co. (1968) 69 Cal. 2d 33, 69 Cal.Rptr. 561, 442 P.2d 641; Masterson v. Sine (1968) 68 Cal.2d 222, 65 Cal.Rptr. 545, 436 P.2d 561; Royal Industries v. St. Regis Paper Co. (9th Cir. 1969), 420 F.2d 449.) As of now, we do not see a jury question on the remand on the points before us.

Reversed and remanded.